UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ROBERT CURRIE, ET AL     CIVIL ACTION NO. 09-cv-0599

VERSUS     JUDGE HICKS

WAL-MART LOUISIANA, LLC, ET AL     MAGISTRATE JUDGE HORNSBY

# MEMORANDUM ORDER

**The Motion to Quash**

Robert and Alania Currie ("Plaintiffs") filed suit in state court against "WalMart Supercenter, a Limited Liability Company" and Pacific Cycle, Inc. Plaintiffs alleged that they were injured when they purchased a bicycle that did not have brakes from WalMart.

A company named Wal-Mart Louisiana, LLC, joined by Pacific Cycle, Inc., removed the case based on an assertion of diversity jurisdiction. The notice of removal asserts that Plaintiffs incorrectly named WalMart Supercenter as a defendant and that the correct entity is Wal-Mart Louisiana, LLC.

Wal-Mart has filed a Motion to Quash Service of Process (Doc. 9). Wal-Mart points to an attempt by Plaintiffs to serve it through the Arkansas Secretary of State pursuant to the Louisiana Long Arm Statute, and it urges that this service is not valid because Wal-Mart has a Louisiana agent for service of process, CT Corporation System.[1] Plaintiffs, who have the

---

[1] Wal-Mart refers to Exhibits A and B in its memorandum in support of its motion, but it appears the exhibits were not filed in the record.

burden of establishing the validity of service once a challenge is raised, respond that service was proper because (an unspecified person at) Wal-Mart advised their counsel "to serve the Secretary of State (but counsel) then received a letter from the Secretary of State as to the place to serve Wal-Mart Louisiana, LLC and that is where they received service." Plaintiffs attach a copy of the letter from the Arkansas Secretary of State, in which counsel is advised that the Secretary was unable to process the service documents because he did not have a listing in the name of WalMart Supercenter, the Secretary lacked jurisdiction to accept service for the Louisiana case, and the service was not in compliance with Arkansas law. Plaintiffs have not submitted evidence of any other form of service on any Wal-Mart entity, so they have not satisfied their burden of establishing valid service of process. Accordingly, the **Motion to Quash Service of Process (Doc. 9)** is **granted** and the service efforts of record as to Wal-Mart are **quashed**.

**Deadline to File Proof of Service**

Federal Rule of Civil Procedure 4(m) permits Plaintiffs a minimum of 120 days to serve their complaint. The court will permit Plaintiffs 120 days from the day this case was removed on April 9, 2009, so Plaintiffs have until **August 7, 2009** to file proof of valid service. Failure to do so by that date may result in dismissal of the claims without prejudice.

**Admission of Counsel**

The court notes that counsel for Plaintiffs was recently admitted to the bar of this court. Counsel (if she has not already done so) is directed to contact the Clerk of Court

immediately to enroll in the next available training class to learn the electronic filing procedures, which are mandatory for attorneys.

**Amount In Controversy**

Plaintiffs state in their memorandum that they have "attempted to advise the Defendants that this claim does not meet the jurisdictional limits of federal court to no avail." Plaintiffs may file a motion to remand at any time to challenge the subject-matter jurisdiction of the court based on a lack of requisite amount in controversy.

The court notes the Defendants removed the case based on an assertion that the petition reveals on its face the requisite amount in controversy. The petition alleges that Plaintiffs purchased "a bicycle which was later discovered not to have brakes, while riding down a hill Plaintiff and son flipped over." Plaintiffs allege in paragraph 11 that they do not believe that the value of the case is sufficient to demand a jury trial in state court, which requires that at least one party have a cause of action that exceeds $50,000. La. C. Civ. Pro. 1732. However, Plaintiffs hedged that all economic and medical evaluations were not known at the time of filing.

The exact nature and extent of the injuries are not described in the petition, but Plaintiffs allege that the bike accident caused numbness, throbbing, loss of concentration, shocking pain in bilateral arms, bruises to the elbows, abrasions, and the like. The court, which has a duty to examine subject-matter jurisdiction *sua sponte*, expresses concern that jurisdiction may be lacking in this case. It will reserve judgment at this time, but Plaintiffs

are encouraged to file a motion to remand once counsel is properly admitted so that this issue may be fully briefed. Recent decisions by the undersigned in similar cases include <u>Lilly v. Big E Drilling Co.</u>, 2007 WL 247254 (W.D. La. 2007) and <u>Sutton v. Makita U.S.A., Inc.</u>, 2007 WL 2008525 (W.D. La. 2007). If Plaintiffs contest the amount in controversy, they should not limit themselves to a conclusory stipulation about the amount in controversy, a common approach that has marginal relevance and weight. They should also present affidavits, medical records, or other evidence of the specific *facts* regarding the injuries suffered, kind and expense of care, amount (if any) of lost wages, and the like.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 28th day of May, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE